**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

UNITED STATES OF AMERICA,      :

:

v.                                  :

:      CASE NO.: 7:24-CR-00021 (WLS)

CALVIN DEWAYNE MCKEITHEN,  :

:

Defendant.           :

_____:

## ORDER

Before the Court is Defendant's Motion for Reduction of Sentence (Doc. 308), filed on March 10, 2026. After review, the Motion is **DENIED**.

### I.   BACKGROUND

On December 18, 2024, Defendant pleaded guilty to Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §§ 1344(2) and 1349. (Docs. 154 & 155). He was sentenced on March 27, 2025, to a term of imprisonment of 70 months to be followed by five years of supervised release. (Doc. 172). Defendant previously filed two motions to reduce his sentence (Docs. 201 & 224), which the Court denied. (Docs. 208 & 291).

Defendant filed the instant Motion (Doc. 308) on March 10, 2026. The Government responded. (Doc. 309). At the Court's request, the United States Probation Office (USPO) prepared a memorandum giving its opinion on Defendant's Motion. USPO recommends the Court deny it.

### II.   MOTION FOR COMPASSIONATE RELEASE

The Court construes Defendant's motion as a motion for compassionate release under 18 U.S.C. § 3582(c). Generally, the Court may not modify a term of imprisonment. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). Even so, the Court may reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In such cases, the Court "may" reduce the sentence if doing so would

1

be consistent with the factors set out in 18 U.S.C. § 3553(a) and consistent with applicable policy statements of the Sentencing Commission. *Id.*

Here, Defendant does not base his sentence reduction request on a sentencing range that the Sentencing Commission later lowered or on a retroactively applicable Guidelines amendment. Instead, the sole ground asserted in Defendant's Motion is that his 2017 state conviction for possession of marijuana should not have contributed to his criminal history points when determining his sentence because (1) former President Joseph Biden pardoned "all federal inmates with low level marijuana offenses," and (2) "[t]he correct President Donald J. trump [sic] in his wisdom removed marijuana altogether from the Controlled Substance Catergory [sic] level one." (Doc. 308 at 1).

Because § 3582(c)(2) authorizes sentence reductions only where a term of imprisonment was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)" or on a retroactively applicable Guidelines amendment, § 3582(c)(2) does not authorize the Court to grant the relief Defendant requests. As the Government notes in its Response, even if the Court had jurisdiction to consider Defendant's request, the Presidential Proclamation on which Defendant relies only pardons offenders for violating a certain federal controlled substance statute, and Defendant was convicted of violating a state controlled substance statute. (Doc. 309 at 4). Thus, the Presidential Proclamation has not effect on Defendant's criminal history points or category.

## CONCLUSION

Consequently, Defendant's Motion for Reduction in Sentence (Doc. 308) is **DENIED**. Having rejected his arguments, and after careful and complete review of the Motion and the Record, the Court concludes that Defendant is not eligible for a sentence reduction on the grounds asserted.

**SO ORDERED**, this 19th day of May 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

2