**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 7:24-CR-00021 (WLS) |
| CALVIN DEWAYNE MCKEITHEN, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## <u>ORDER</u>

Before the Court is Defendant's Motion for Reconsideration (Doc. 314), filed on June 8, 2026. After review, the Motion is **DENIED**.

## I.    <u>BACKGROUND</u>

On December 18, 2024, Defendant pleaded guilty to Conspiracy to Commit Bank Fraud, in violation of 18 U.S.C. §§ 1344(2) and 1349. (Docs. 154 & 155). He was sentenced on March 27, 2025, to a term of imprisonment of 70 months to be followed by five years of supervised release. (Doc. 172). A Presentence Investigation Report prepared by the United States Probation Office outlined Defendant's adult criminal history, which included a 2017 possession of marijuana conviction for which Defendant was sentenced to twelve months of probation by the Valdosta Municipal Court. (Doc. 170 ¶ 42). Defendant received one criminal history point for this conviction. (*Id.*)

On March 10, 2026, Defendant filed a Motion for Reduction or Modification of Sentence (Doc. 308), arguing that his 2017 state conviction for possession of marijuana should not have contributed to his criminal history points when determining his sentence because (1) former President Joseph Biden pardoned "all federal inmates with low level marijuana offenses," and (2) "[t]he correct President Donald J. trump [sic] in his wisdom removed marijuana altogether from the Controlled Substance Catergory [sic] level one." (Doc. 308 at 1). The Court denied Defendant's Motion, finding that 18 U.S.C. § 3582(c)(2) did not authorize the Court to grant the relief Defendant requested, and even if it did, the Presidential Proclamation had no effect on Defendant's criminal history points or category because the

1

Proclamation pardoned offenders of federal controlled substance statutes, and Defendant was convicted of violating a state controlled substance statute. (Doc. 313).

Defendant filed the instant Motion (Doc. 314) on June 8, 2026, asking the Court to reconsider its ruling on his Motion for Reduction or Modification of Sentence.

## II.    **MOTION FOR RECONSIDERATION**

Under the Local Rules of this Court, motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. L.R. 7.6. Motions for reconsideration, whether considering final or non-final judgments, are within "the sound discretion of the district judge." *Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 805–06 (11th Cir. 1993). It is the practice of this Court, in both civil and criminal cases, to grant a motion for reconsideration only when the movant timely demonstrates that: (1) there has been an intervening change in the law; (2) new and previously unavailable evidence has been discovered through the exercise of due diligence; or (3) reconsideration is necessary to correct a clear error of law or prevent manifest injustice. *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1222–23 (M.D. Ga. 1997). "A motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time." *Pres. Endangered Areas of Cobb's Hist., Inc. v. U.S. Army Corps of Eng'rs*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995), *aff'd*, 87 F.3d 1242 (11th Cir. 1996). Nor can a motion for reconsideration be used to "relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012).

Here, Defendant moves the Court to reconsider its ruling on his motion for sentence reduction, arguing that the Presidential Proclamation upon which he relies applies to a federal inmate's sentence "regardless of state or federal conviction." (Doc. 314 at 2). Defendant does not point to any intervening change in the law or new and previously unavailable evidence, nor does he argue that a clear error of law exists or that reconsideration is necessary to prevent manifest injustice.[1] Nonetheless, the Court briefly addresses Defendant's argument.

---

[1] Defendant references Federal Rule of Civil Procedure 60(b)(6), which allows the Court to "relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." (Doc. 314 at 2). The Federal Rules of Civil Procedure do not apply in criminal proceedings and thus cannot form the basis for Defendant's requested relief. *See United States v. Nave*, 608 F. App'x 888, 889 (11th Cir. 2015)

Defendant's interpretation of the Presidential Proclamation is incorrect. The executive order, issued on October 6, 2022, pardons all those "who committed the offense of simple possession of marijuana in violation of the Controlled Substances Act, as currently codified at 21 U.S.C. 844 . . . or in violation of D.C. Code 48-904.01(d)(1)[.]" 87 Fed. Reg. at 61441. The Proclamation clearly states former President Biden's intent to pardon "only the offense of simple possession of marijuana in violation of Federal law or in violation of D.C. Code 48-904.01(d)(1), and not any other offenses related to marijuana or other controlled substances." *Id.* Defendant was convicted of violating a state controlled substance statute, not a federal statute, and he was sentenced by a state municipal court. (Doc. 170 ¶ 42). Therefore, as the Court found previously, the express limitation on the legal effect of the pardon forecloses Defendant's argument.

## CONCLUSION

For the reasons stated above, Defendant's Motion for Reconsideration (Doc. 314) is **DENIED**.

**SO ORDERED**, this 9th day of June 2026.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

("Rule 60(b), however, 'does not provide for relief from judgment in a criminal case.'" (quoting *United States v. Mosavi*, 138 F.3d 1365, 1365–66 (11th Cir. 1998))).